# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LAWRENCE E. MATTISON,
          Appellant,

v.

DEPARTMENT OF VETERANS
   AFFAIRS,
          Agency.

DOCKET NUMBER
DC-0752-16-0350-B-1

DATE: June 13, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lawrence E. Mattison, Chesapeake, Virginia, pro se.

Brandon Cubas, Esquire, Baltimore, Maryland, and Timothy O'Boyle, Esquire, Hampton, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member`

## FINAL ORDER

¶1     The appellant has filed a petition for review of the remand initial decision, which affirmed his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the agency established the requisite nexus, we AFFIRM the initial decision.

¶2        On petition for review, the appellant argues that the administrative judge erred in sustaining the agency's charges. *E.g.*, *Mattison v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-16-0350-B-1, Remand Petition for Review (RPFR) File, Tab 1 at 7-17, 22.[2] He also alleges that the agency committed a harmful error by, inter alia, misunderstanding certain facts and by facilitating his criminal prosecution by Virginia officials and Virginia courts. *Id.* at 17-21. Next, the appellant argues that the administrative judge erred by

---

[2] In addition to his remand petition for review and his reply to the agency's response, RPFR File, Tabs 1, 4, the appellant filed several more pleadings. First, he filed two requests to amend his petition in a way that would not include material changes but might make the petition easier to read. RPFR File, Tabs 5, 7. He then filed a motion, seeking to present oral argument to the Board. RPFR File, Tab 9. Finally, the appellant filed yet another motion to amend his petition. RPFR File, Tab 11. With this last motion, the appellant indicated that he wanted to amend the petition to make it easier to read and to emphasize certain facts or arguments. *Id.* These motions are denied. *See* 5 C.F.R. § 1201.114(a)(5) (limiting the pleadings parties may submit in connection to a petition for review, and providing that additional pleadings will not be accepted absent leave from the Clerk of the Board, based on a motion describing the nature and need for the pleading). The record in this appeal is sufficiently developed and the appellant has not adequately explained the need for these additional pleadings or oral argument. *See id.*

denying motions he filed regarding discovery and laches. *Id*. at 11-12, 14, 16, 21-22. We are not persuaded by these arguments.

¶3        The appellant's petition also references the nexus requirement that applies in a case such as this. *Id*. at 13. He points out, correctly, that the nexus requirement is not explicitly addressed in the remand initial decision. We modify the decision accordingly. In addition to the requirement that the agency prove its charge, it also must prove that there is a nexus, i.e., a clear and direct relationship between the articulated grounds for an adverse action and either the appellant's ability to accomplish his duties satisfactorily or some other legitimate Government interest. *Chin v. Department of Defense*, 2022 MSPB 34, ¶ 22. Here, that nexus is apparent. The appellant's conduct unbecoming was directed at a coworker and most of the allegations underlying both charges occurred on agency premises.[3] *See Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 24 (2016) (recognizing that there is a presumption of a nexus when the misconduct occurred in part at work). Plus, his misconduct undoubtedly affected his coworkers' job performance or the agency's trust and confidence in the appellant's job performance. *See Chin*, 2022 MSPB 34, ¶ 23 (discussing the loss of the agency's trust and confidence in the employee as a means by which an agency can establish nexus between off-duty misconduct and the efficiency of the service); *Doe v. Department of Justice*, 113 M.S.P.R. 128, ¶¶ 24-34 (2010) (discussing the effect on coworkers' job performance as a means by which an agency can establish nexus between off-duty misconduct and the efficiency of the service). While the appellant has referenced the nexus requirement in his petition, he has not presented any substantive or persuasive basis for finding that

---

[3] The agency's first charge, conduct unbecoming, concerned the appellant's repeated following, calling, and texting a coworker, even after she asked him to cease all contact. *Mattison v. Department of Veterans Affairs*, MSPB Docket No. DC-0752-16-0350-I-1, Initial Appeal File (IAF), Tab 12 at 27. It further concerned the appellant's accessing this coworker's cell phone without permission to send a photo from her phone to the appellant's email address. *Id*. The agency's second charge, failure to follow supervisory instructions, concerned the appellant returning to agency property just hours after his supervisor's instruction to stay away. IAF, Tab 12 at 27.

the agency did not establish nexus in this appeal. We therefore modify the remand initial decision to find that the agency established the requisite nexus.

¶4 In his petition for review, the appellant lastly argues that the administrative judge exhibited bias and should have recused herself from the remand proceedings. RPFR File, Tab 1 at 7, 11-12, 18-23. He references a civil action he filed in Federal court, while the instant appeal was pending, regarding the propriety of his criminal prosecution, where he named the administrative judge as a defendant along with seven other individuals, including the Virginia court judges that handled his criminal case. *Id*. at 19-21; *see Mattison v. Willis, et al.*, No. 4:17CV134, (E.D. Va. Dec. 6, 2018) (granting each defendant's motion to dismiss), *aff'd*, 774 F. App'x 800 (4th Cir. 2019)). We are not persuaded by these arguments.

¶5 An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant's claims do not overcome that presumption, nor do they establish a deep-seated favoritism or antagonism. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (holding that, in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators). They also do not show that the administrative judge should have recused herself from the remand proceedings. *See Baker v. Social Security Administration*, 2022 MSPB 27, ¶¶ 7-11 (discussing how recusal is appropriate if an administrative judge's impartiality could reasonably be questioned).

**NOTICE OF APPEAL RIGHTS**[4]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:     _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.